UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

        Case No. 24-cr-20609
        Honorable Linda V. Parker

DESZMEN POWELL,

        Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION TO CORRECT SENTENCE AND DENYING WITHOUT PREJUDICE MOTION TO EXTEND TIME TO FILE NOTICE OF APPEAL (ECF NO. 32)

On December 18, 2024, Defendant Deszmen Powell pleaded guilty to two counts of illegal possession of a machinegun in violation of 18 U.S.C. § 922(*o*). On March 20, 2025, this Court sentenced Powell to concurrent terms of imprisonment of 18 months, for each count, to be served consecutively to any anticipated state term of imprisonment. (ECF No. 31.)  A Judgment was entered the following day. (*Id.*)

The matter is presently before the Court on Powell's motion to correct sentence and to extend time to appeal, filed pursuant to Federal Rule of Criminal Procedure 35(a) and Federal Rule of Appellate Procedure 4(b)(4), respectively.

(ECF No. 32.)  Defendant filed the motion on April 4, 2025.  In the motion, Defendant first asks the Court to run his federal and state sentences concurrently.

Rule 35 provides, in relevant part: "Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error."  Fed. R. Crim. P. 35(a).  "For purposes of this rule, 'sentencing' is defined as 'the oral announcement of the sentence."  *United States v. Hall*, 661 F.3d 320, 322 (6th Cir. 2011) (quoting Fed. R. Crim. P. 35(c)).  The Sixth Circuit has made clear that a district court lacks jurisdiction to resentence a defendant pursuant to Rule 35(a) "beyond the fourteen-day limitation period[.]"  *Id.* (citing *United States v. Vicol*, 460 F.3d 693, 696 (6th Cir. 2006)) ("We join with these circuit courts and hold that Rule 35 requires a district court to actually resentence a defendant within the [deadline] therein prescribed.  In so holding, we rely on the plain language of the rule, which makes clear that the district court must correct the sentence within the time limitation imposed, and not simply take some other undefined action toward that end, such as scheduling a hearing on the Rule 35 motion.").  This statutory time limit is jurisdictional.  *Id.* at 322 n.1 (citing *United States v. Garcia*, 312 F. App'x 801, 805 (6th Cir. 2009)).

As set forth above, the Court orally announced Powell's sentence on March 20, 2025.  The fourteen-day window to resentence him under Rule 35(a) expired

on April 3. The Court is without jurisdiction to "correct" his sentence, even if it found such correction warranted.

As indicated, Powell also moves for an extension of time to file a notice of appeal. Under Federal Rule of Appellate Procedure 4(b), a criminal defendant must file a notice of appeal within fourteen days of "the entry of either the judgment or the order being appealed" or "the filing of the government's notice of appeal." Fed. R. App. P. 4(b)(1)(A). Unless the United States files an appeal in this matter, Powell's deadline to file a notice of appeal was April 4.

"[B]efore or after the time [to appeal] has expired," a district court may extend the deadline to file a notice of appeal "[u]pon a finding of excusable neglect or good cause[.]" Fed. R. App. P. 4(b)(4). Powell, however, does not indicate in his motion why he was unable to file a timely appeal. Therefore, at this time, the Court is unable to make the required finding to warrant an extension of time.

Accordingly,

**IT IS ORDERED** that Defendant's motion to correct sentence is **DENIED** and his request to extend time to appeal is **DENIED WITHOUT PREJUDICE**.

                                              s/ Linda V. Parker
                                              LINDA V. PARKER
                                              U.S. DISTRICT JUDGE

Dated: April 10, 2025